DOCUMENT 2

ELECTRONICALLY FILED
12/30/2021 11:15 PM
03-CV-2021-901374.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| **LAKEITHIA PARKER; JUSTIN PARKER**<br>**individually and as spouse and next of kin to**<br>**LAKEITHIA PARKER;** | )<br>)<br>)<br>) |
| **Plaintiffs,** | ) |
| **v.** | )   03-CV-2021-_____ |
| | ) |
| **WAL-MART STORES EAST, LP; WAL-MART**<br>**TRANSPORTATION, LLC; ANGELA MOUNT & BUCK**<br>**MOUNT d/b/a F & S TIRE & TOWING; F&S TIRE &**<br>**TOWING; MATTHEW PETERSON; and those persons**<br>corporations and/or other legal entities who are either<br>assignors or successors in interest to the Defendants<br>named herein, and who are liable to the plaintiffs for<br>damages arising from the facts and circumstances which<br>form the underlying basis of this lawsuit, designated<br>herein as fictitious parties, A-Z, whose names are<br>otherwise unknown to the plaintiff, but will be added<br>hereto by amendment when ascertained, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

**COME NOW** Plaintiffs Justin Parker, individually and as spouse and next of kin to

Lakeithia Parker, by and through undersigned counsel, and for want of prosecution, say as

follows:

## STATEMENT OF THE PARTIES

1.      Plaintiff Lakeithia Parker is over the age of nineteen (19) years and a resident

of Monroe County, Alabama. At all times material hereto, the plaintiffs avers that she

suffered life threatening and permanent injuries and damages arising from the negligence

and/or wantonness of the Defendants, their employees, agents, servants or others acting on

the Defendants' behalf in a representative capacity and from a motor vehicle collision that

occurred on or about December 6, 2021.

2.      Plaintiff Justin Parker, individually and as spouse and next of kin to Lakeithia

Parker is over the age of nineteen (19) years and a resident of Monroe County, Alabama. At all

times material hereto, the plaintiffs aver that they suffered damages arising from the negligence and/or wantonness of the Defendants, their employees, agents, servants or others acting on the Defendants' behalf in a representative capacity and from a motor vehicle collision that occurred on or about December 6, 2021.

3.      Defendant, Wal-Mart Stores East, LP, (Hereinafter "WMSE") is a foreign corporation located, upon information and belief, at 702 SW 8th Street Bentonville, Arkansas 72716-553.  It routinely operates multiple stores in the state of Alabama, including at least six (6) locations in Montgomery, Alabama.

4.      Defendant, Wal-Mart Transportation, LLC (Hereinafter "WMT")is a foreign corporation located, upon information and belief, at 702 SW 8th Street Bentonville, Arkansas 72716-553.  It routinely operates in the state of Alabama, including Montgomery, Alabama.

5.      Defendant, Angela Mount and Buck Mount d/b/a F&S Tire & Towing (hereinafter "AM-BM FST"), upon information and belief, operates a tire and towing service business enterprise at 400 W Commerce Street, Greenville, Alabama 36037.

6.      Defendant, F&S Tire & Towing (hereinafter "FST") is a domestic business entity located, upon information and belief, at 400 W Commerce Street, Greenville, Alabama 36037.

7.      Defendant, Matthew Peterson (Hereinafter "Peterson") is over the age of nineteen (19) years and upon information and belief, is a resident of Butler County, Alabama. At all times material to the motor vehicle collision that gives rise to this lawsuit, Defendant Peterson was an employee, agent, servant or other representative, employed as a driver and was acting as an agent within the line and scope of his employment, agency or other representative capacity with Defendants Angela Mount and Buck Mount d/b/a FST.

8.      Fictitious Defendants A through Z are those persons, corporations and/or other legal entities who are either assignors or successors in interest to the Defendants named herein, and who are liable to the Plaintiffs for life threatening injuries, permanent injuries,

and damages of Plaintiffs. These Fictitious Defendants whose names are otherwise unknown to the Plaintiffs at this time, will be added hereto by amendment when ascertained.

9. Plaintiffs aver that from the actions and/omissions of the Defendants as complained of herein, at least one of the Defendants conduct business in Montgomery County, Alabama, thus making jurisdiction and venue proper in Montgomery County, Alabama.

10. Defendants WMSE and WMT do business in Montgomery, and at all times material to the motor vehicle collision that gives rise to this lawsuit, conducts business in Montgomery, County. Defendants AM-BM FST and FST, do business in Greenville, Butler County, Alabama. The fictitious party Defendants named herein as Fictitious Defendants A through Z, whether singular or plural, are persons, firms, corporation or other business organizations, and/or their assignors or successors in interest, who are legally responsible to the Plaintiffs for any and all damages and injuries sustained , as a direct and proximate result of the occurrences that form the underlying basis of this lawsuit. The true and correct identities of such Defendants are presently unknown to the Plaintiffs but will be added by amendment when ascertained.

### COUNT I
### NEGLIGENCE

11. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 11 and any unnumbered paragraphs above as if set out here in full.

12. On or about December 06, 2021, upon a public street, namely, United States Interstate 65, at or near its intersection with Pineapple Highway, in Greenville, Butler County, Alabama, the Defendants, including, but not limited to, Defendant Peterson, (an AM-BM FST/FST employee driver) negligently caused their motor vehicles to collide with the motor vehicle operated by Jazla Smith, Deceased, and in which Lakeithia Parker and L.S., a minor, (Smith's daughter and Parker's grand daughter) were passengers.

13. Plaintiffs aver that Defendants, including, but not limited to, Defendant

Peterson (AM-BM FST/FST Employee driver) failed to exercise due care in the operation of their motor vehicles or otherwise failed to keep a proper lookout, thereby causing the same to collide with the Plaintiffs' vehicle proximately causing the death of Jazla Smith and life threatening, permanent bodily injuries to Lakeithia Parker, L.S., a minor, and loss of consortium of Plaintiff Justin Parker.

14.     As a direct and proximate result of Defendants' negligence, Jazla Smith was killed, and Plaintiffs Lakeithia Parker hospitalized; Justin Parker, individually and as spouse and next of kin to Lakeithia Parker were caused to suffer personal injuries and damages as follows: bodily injuries; medical costs and expenses; physical pain and suffering; mental anguish and emotional distress; and loss of consortium.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Lakeithia Parker; Justin Parker, individually and as spouse and next of kin to Lakeithia Parker demand judgment against named Defendants and Fictitious Defendants jointly, separately and severally, and ask that a jury award them an adequate and reasonable amount of money as compensatory in excess of the jurisdictional limit of this court, plus their costs for this action.

## COUNT II
## WANTONNESS

15.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 15 and any unnumbered paragraphs above as if set out here in full.

16.     On or about December 06, 2021, upon a public street, namely, United States Interstate 65 at or near its intersection with Pineapple Highway, in Greenville, Butler County, Alabama, Defendants, including but not limited to Defendant Peterson (AM-BM FST/FST employee driver) wantonly caused their motor vehicles to collide with the motor vehicle operated by Jazla Smith, deceased.

17.     Plaintiffs aver that Defendants failed to exercise due care in the operation of their motor vehicle or otherwise failed to keep a proper lookout, thereby causing the same to

collide with the Plaintiffs' vehicle. Plaintiffs aver that the Defendants' actions were wanton

and in reckless disregard for the life and safety of other motorists, including, but not limited

to, the Plaintiff Lakeithia Parker, her daughter, Jazla Smith, deceased, and their daughter and

grand- daughter, L.S., a minor, traveling the highways and byways of the State of Alabama.

18.     As a direct and proximate result of Defendants' wantonness and conscious

disregard for the life and safety of the Plaintiffs and other motorists, Jazla Smith was

tragically killed and the Plaintiffs were caused to suffer personal injuries and damages as

follows: bodily injuries; medical costs and expenses; physical pain and suffering; mental

anguish and emotional distress; and loss of consortium.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Lakeithia Parker; Justin

Parker, individually and as spouse and next of kin to Lakeithia Parker, demand judgment

against named Defendants and Fictitious Defendants jointly, separately and severally, and ask

that a jury award them an adequate and reasonable amount of money as compensatory in excess

of the jurisdictional limit of this court, plus their costs for this action.

### COUNT III
**(WMSE, WMT AMFST and AM-BM FST- Respondeat Superior
of Defendants' Drivers)**

19.     Plaintiffs reallege and incorporate by reference the allegations contained in

paragraphs 1 through 18 and any unnumbered paragraphs above as if set out here in full.

20.     This Count is based on Respondeat Superior, in that at all times material hereto,

Defendants' (WMSE, WMT, AMFST, FST and/or Fictitious Defendants) employee/drivers,

including but not limited to Defendant Peterson (AMFST/FST employee driver) were acting as

agents, employees and/or servants of WMSE, WMT, AMFST/FST and/or Fictitious Defendants A

though Z and were acting within the line and scope of their employment with WMSE, WMT,

AMFST/FST and/or Fictitious Defendants A though Z.

WHEREFORE, Plaintiffs demand judgment against said Defendants in such amount as a jury may award and her costs of this action.

## COUNT IV
### (Negligent and Wanton Hiring, Retention, Training, Supervision, Policies and Procedures, etc. against WMSE, WMT, AM-BM FST, FST and/or Fictitious Defendants A through Z)

21.    Plaintiffs realleges and incorporates by reference the allegations contained in paragraphs 1 through 21 and any unnumbered paragraphs above as if set out here in full.

22.    Defendants WMSE, WMT, AM-BM FST, FST, and/or Fictitious Defendants A through Z are in the trucking business which requires the hauling of cargo by trucks on federal, state, and county roads and/or highways.

23.    Defendants WMSE, WMT, AM-BM FST, FST, and/or Fictitious Defendants A through Z had a duty to Plaintiffs and the motoring public to hire competent drivers.

24.    Defendants WMSE, WMT, AM-BM FST, FST, and/or Fictitious Defendants A through Z had a duty to ensure the competency of its drivers by properly training and supervising all drivers operating vehicles in the line and scope of employment with WMSE, WMT, AM-BM FST, FST, and/or Fictitious Defendants A through Z.

25.    The acts and/or omissions of Defendants WMSE, WMT, AM-BM FST, FST, and/or Fictitious Defendants A through Z, constitute negligent and/or wanton hiring, retention, training, monitoring, and supervision.

26.    Defendants WMSE, WMT, AM-BM FST, FST, and/or Fictitious Defendants A through Z negligently and/or wantonly hired, retained, failed to enforce, train, supervise, monitor, and implement policies and procedures that would prevent or allow their driver to operate its tractor and trailer in a manner causing it to crash with the vehicle being driven by Jazla Smith, deceased.

27.    Due to the failures of Defendants WMSE, WMT, AM-BM FST, FST, and/or Fictitious Defendants A though Z, and Defendants' driver, the subject vehicle was being operated in an unsafe condition.

28.    As a result of Defendants WMSE's, WMT's, AM-BM FST's, FST's, and/or Fictitious Defendants' negligent and/or wanton failure to ensure the competency of its drivers, enforce or implement reasonable safety policies and procedures, hire and retain qualified drivers, and train and supervise its drivers regarding its policies and procedures, Jazla Smith was wrongfully killed, and Plaintiffs Lakeithia Parker; Justin Parker, individually and as spouse and next of kin to Lakeithia Parker; L.S., a minor, were caused to suffer personal injuries and damages as follows: bodily injuries; medical costs and expenses; physical pain and suffering; mental anguish and emotional distress; and loss of consortium.

**WHEREFORE**, Plaintiffs demand judgment against said Defendants in such amount as a jury may award and their costs of this action.

## COUNT V

## LOSS OF CONSORTIUM

29.    Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 35 and any unnumbered paragraphs above as if set out here in full.

30.    Plaintiff Justin Parker, spouse and next of kin of Lakeithia Parker brings an action for loss of consortium.

31.    On or about December 06, 2021, upon a public street, namely, United States Interstate 65 at or near its intersection with Pineapple Highway, in Greenville, Butler County, Alabama, Defendants wantonly caused their motor vehicles to collide with the motor vehicle operated by Plaintiff's daughter, Jazla Smith, deceased.

32.    Plaintiff, Justin Parker, spouse and next of kin of Lakeithia Parker, aver that Defendants failed to exercise due care in the operation of their motor vehicle or otherwise failed to keep a proper lookout, thereby causing the same to collide with the Plaintiffs' vehicle. Plaintiffs

aver that the Defendants' actions were negligent and/or wanton and in reckless disregard for the

life and safety of other motorists, including, but not limited to, the Plaintiff Lakeithia Parker, her

daughter, Jazla Smith, deceased, and their daughter and grand-daughter, L.S., a minor, traveling

the highways and byways of the State of Alabama.

33.     As a direct and proximate result of Defendants' negligence and/or wantonness

and conscious disregard for the life and safety of the Plaintiffs Lakeithia Parker, her daughter,

Jazla Smith, deceased, and their daughter and grand-daughter, L.S., a minor, and other

motorists, the Plaintiff Justin Parker and Lakeithia Parker, duly married pursuant to the laws of

the State of Alabama, were caused to suffer a loss of consortium with the undue interference of

their marital relationship, comfort, solace and companionship. Plaintiff Justin Parker's loss of

consortium is a derivative claim being asserted as a proximate cause of the Defendants'

negligence and/or wantonness that injured his spouse and interferes with his marriage to

Lakeithia Parker.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Justin Parker demands

judgment against the named Defendants and Fictitious Defendants jointly, separately and

severally, and asks that a jury award him an adequate and reasonable amount of money as

compensatory and punitive damages in excess of the jurisdictional limit of this court, plus his

costs for this action.

Respectfully submitted,

_/s/ Amardo Wesley Pitters_
Amardo Wesley Pitters, Esquire
Counsel for the Plaintiff Attorney
Bar Code: PIT025
**_Counsel for Plaintiffs_**

OF
COUNSEL:

_LAW OFFICES OF A. WESLEY PITTERS, P.C._
1145 South Perry Street (36104)
P.O. Box 1973
Montgomery, Alabama 36102-1973

DOCUMENT 2

Telephone: (334) 265-3333
Telecopier: (334) 265-3411
Email:  awpitters@pitterslawfirm.com

## JURY DEMAND

    **PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.**